**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Dean Moses,<br><br>Plaintiff,<br><br>v.<br><br>DFE Contractor LLC,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Dean Moses ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant DFE Contractor LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional photographer and photojournalist whose work is routinely licensed and published through newspapers, media organizations, editorial publications, and digital-media outlets and who regularly documents matters of public concern occurring throughout New York City.

3. Plaintiff is an award-winning photojournalist whose work has appeared in numerous newspapers, media organizations, and digital publications, including amNewYork, The New York Times, the New York Daily News, the New York Post, and other New York-area news publications. Plaintiff has received multiple photography awards for his work documenting newsworthy events and matters of public concern and has been recognized for his photographic coverage of significant events occurring throughout New York City. Plaintiff's photography has also been featured in literary and academic publications.

4. Plaintiff currently serves as Police Bureau Chief for amNewYork and is widely recognized for his reporting and photographic coverage of crime, public safety, governmental activity, public demonstrations, immigration enforcement actions, and other matters of public



SLG SANDERS · LAW GROUP ·

concern. Plaintiff has received honors from the New York Press Photographers Association, including recognition for award-winning news photography, and was recognized as Photographer of the Year by the New York Press Association.

5. Plaintiff created a photograph depicting a New York City building inspection (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various authorized uses, including online and print publications.

6. Defendant owns and operates www.dfecontractor.com (the "*Website*"), which serves as a marketing, branding, publishing, customer-acquisition, and business-development platform through which Defendant promotes its construction and contracting services, communicates with prospective customers, distributes content, demonstrates its expertise, and generates commercial value.

7. Defendant's business model depends in substantial part upon the creation, publication, promotion, and distribution of content through the Website. Defendant uses the Website to attract prospective customers, establish credibility, enhance its professional reputation, generate business opportunities, and promote its services. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Website in connection with those activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

8. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Website in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

9. Plaintiff is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

10. Defendant is a New York limited liability company with a principal place of business at 10253 Jamaica Avenue, Richmond Hill in Queens County, New York.



SLG SANDERS LAW GROUP

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

14. Plaintiff is a professional photographer and photojournalist whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

15. Plaintiff has devoted substantial time, skill, effort, training, creativity, and expense to developing his photography business and creating a portfolio of original photographic works documenting newsworthy events, public affairs, public safety matters, urban life, and issues of public interest.

16. Plaintiff's work has appeared in newspapers, online publications, and media outlets and is regularly licensed for editorial, journalistic, commercial, and promotional uses.

17. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of his photography business.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of his photographs.

19. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20. On January 25, 2023, Plaintiff first published the Photograph. A copy of the



SLG SANDERS · LAW GROUP ·

Photograph is attached hereto as Exhibit 1.

21. Plaintiff published the Photograph by commercially licensing it to AM New York for purposes of display and public distribution.

22. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, and other creative elements used to capture the image and made each and every artistic determination necessary for creation of the work.

**B. Defendant's Infringing Activity**

23. Defendant is the registered owner of the Website and is responsible for its content.

24. Defendant is the operator of the Website and is responsible for its content.

25. The Website forms a significant component of Defendant's commercial enterprise and serves as a marketing, branding, publishing, customer-acquisition, and business-development platform through which Defendant promotes its construction, contracting, renovation, restoration, compliance, inspection, and related commercial services.

26. The Website is used to attract prospective customers, generate leads, showcase Defendant's expertise, demonstrate industry knowledge, enhance Defendant's professional reputation, and encourage potential customers to engage Defendant for its services. Upon information and belief, Defendant derives commercial value from those activities.

27. Upon information and belief, Defendant utilizes articles, photographs, visual content, educational content, blog content, project-related content, and promotional materials through the Website to increase audience engagement, strengthen its brand, improve search-engine visibility, establish credibility within its industry, and generate commercial opportunities.

28. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of content through the Website in order to attract audience attention, increase engagement, enhance brand visibility, promote Defendant's services, establish authority within the construction industry, and generate commercial value.

29. Upon information and belief, Defendant operates in an industry in which visual

content, photographs, project imagery, inspection imagery, construction imagery, and other copyrighted content are routinely used to market services, establish credibility, demonstrate expertise, attract prospective customers, and influence purchasing decisions.

30. Upon information and belief, Defendant used the Photograph in connection with content published on the Website in order to increase the attractiveness, effectiveness, credibility, and persuasive value of the content through which Defendant promoted its services and business operations.

31. On or about March 1, 2023, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://dfecontractor.com/what-to-do-if-my-property-receives-a-vacancy-order/. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

32. The Photograph was stored locally on Defendant's server at URL: https://dfecontractor.com/wp-content/uploads/2023/03/img-blog-008.jpg.

33. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Website.

34. Plaintiff first observed the Infringement on December 2, 2023.

35. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

36. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

37. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

38. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of



SLG SANDERS LAW GROUP

content appearing on the Website, including Plaintiff's Photograph.

39. Upon information and belief, the Photograph was intentionally, willfully, and volitionally selected, published, displayed, distributed, and stored by Defendant.

40. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

41. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

42. Upon information and belief, Defendant exercised editorial, managerial, and operational control over content appearing on the Website.

43. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website.

44. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringement.

45. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, reader interest, promotional value, and commercial value for Defendant.

46. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, increased traffic, and related business-development opportunities.

47. Upon information and belief, Defendant derived commercial value from using the Photograph to attract visitors to the Website, retain viewer attention, promote Defendant's services, and enhance the effectiveness of Defendant's marketing and branding activities.

48. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential

market for the Photograph.

49. On January 22, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

50. On April 1, 2024, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

51. On November 12, 2025 and again on December 12, 2025, Plaintiff, through counsel, sent additional communications seeking to resolve the dispute without litigation and affording Defendant further opportunities to address Plaintiff's claims.

52. Despite receiving multiple communications concerning Plaintiff's claims over an extended period of time, Defendant failed and/or refused to adequately address Plaintiff's claims and continued to maintain the Infringement on the Website.

53. Upon information and belief, the Infringement remained publicly accessible for a substantial period after Defendant received notice of Plaintiff's claims.

54. Archived captures of the Website confirm that the Infringement remained publicly accessible after Defendant received Plaintiff's notices concerning the Infringement.

55. Defendant's failure to remove the Infringement after receiving repeated notice of Plaintiff's rights, together with Defendant's continued maintenance of the Infringement for an extended period thereafter, constitutes evidence that Defendant acted knowingly, intentionally, and with reckless disregard for Plaintiff's rights under the Copyright Act.

56. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

57. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***



SLG SANDERS LAW GROUP

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

60. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

61. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

62. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

63. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

64. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

66. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs



SLG SANDERS · LAW GROUP ·

pursuant to 17 U.S.C. § 505 from Defendant.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

SLG SANDERS · LAW GROUP ·

DATED: August 26, 2026

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders___________
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129428

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·